## CONSTRUCTION OF A GUARANTY UPON WHICH CREDIT WAS BASED.

Court of Appeals for Hamilton County.

LOUIS H. LANDMAN v. GEORGE D. SAUERSTON ET AL.

Decided, March 29, 1915.

*Guaranty—Of Payment for Goods if Credit is Given—Testimony as to Surrounding Circumstances May be Offered—But Must Not Modify the Written Contract—Duration of the Guaranty.*

1. The situation of the parties and the object sought to be accomplished are competent evidence to aid a court in construing a guaranty, but it is not permissible by the aid of such evidence to modify or alter the written contract entered into between the parties.
2. A request to "extend credit to the extent of one hundred dollars to my nephew I. B., for which I will stand responsible," is not a continuing guaranty, but is limited to the first one hundred dollars' worth of goods purchased.

Error to the court of common pleas.

*H. L. Bevis,* for plaintiff in error.
*C. S. Bell,* contra.

RICHARDS, J.

The plaintiff in error, who was defendant in the court of common pleas, was sued on a written guaranty reading as follows:

"CINCINNATI, O., Sept. 22, 1909.
"MESSRS. SAUERSTON & BROWN :
"Please extend credit to the extent of one hundred dollars to my nephew, Isaac Breastin, for which I will stand responsible for, and obliged.
"LOUIS H. LANDMAN."

At the close of the evidence each side moved the court for a directed verdict and the court thereupon directed the jury to return a verdict in favor of the plaintiff for the amount of one hundred dollars.

It appears from the evidence disclosed in the bill of exceptions that Breastin was a nephew of Landman and desired to start in the candy business, and that Landman went to Sauerston & Brown, who were wholesale dealers in candy, and inquired as to the extent of credit it would be necessary for his nephew to have with them and whether they would extend credit, which they promised to do if Landman would guarantee the same. Thereupon he signed the guaranty as above quoted. Subsequent to the making of this guaranty, goods were furnished to Breastin to the amount of several hundred dollars, a large part of which was paid for, but at the time he ceased doing business there remained due Sauerston & Brown an amount in excess of one hundred dollars.

The only question in this case is as to whether the guaranty is a continuing one. The common pleas court held that it was a continuing guaranty and that the liability of Landman thereon was not limited to the first hundred dollars' worth of goods purchased. In so holding the trial court erred. By its terms the guaranty is limited in extent to the amount of one hundred dollars and would be exhausted when goods to that amount had been furnished and paid for. The situation of the parties and the object sought to be accomplished are competent evidence to aid the court in construing the guaranty, but it is not permissible by the aid of such evidence to modify or alter the written contract entered into between the parties; and it is a fundamental principle in this state that a contract of guaranty must be construed most favorably to the guarantor. It was said by our Supreme Court in *Birdsall* v. *Heacock*, 32 O. S., 177, 184, that such an instrument should be confined to the immediate transaction, unless the language of the promise is sufficiently broad to show that it was intended to render the guarantor liable for future credits. That such a guaranty should be held to be limited and not continuing, is held in the case above cited and also the following cases: *Morgan* v. *Boyer*, 39 O. S., 324;

*The Merchants' National Bank* v. *Cole*, 83 O. S., 50; *National Bank of Commerce* v. *Garn et al*, 3 C.C.(N.S.), 428.

In the case last cited the guaranty read as follows:

"TOLEDO, OHIO, June 10, 1895.
"KETCHAM NATIONAL BANK:

"We, the undersigned, hereby jointly and severally guarantee to you the payment of any and all sums of money that may be loaned by you to the Carothers Publishing Company, on request of F. W. Garn, treasurer, providing the amount of said loan shall not exceed in the aggregate, $3,000."

The circuit court, sitting in Lucas county, held that such a guaranty is not a continuing one but is restricted to the first three thousand dollars loaned.

Counsel for defendants in error relies very largely on the case of *Rochford et al* v. *Rothschild et al*, 16 C. C., 287, a decision also by the Circuit Court of Lucas County. In that case the guaranty under consideration was held to be a continuing guaranty, but the written instrument itself provided that it was to secure the sum guaranteed on open account, and the decision of the court is based upon that particular language. The decision is not, therefore, in conflict with the conclusion we reach in the case at bar.

Counsel for the defendants in error also relies on *Wolf* v. *John Shillito & Company*, 9 O. D. Repr., 273, a decision rendered by the old District Court of Hamilton County, but that case appears to have been controlled and the conclusion arrived at by a consideration of surrounding circumstances which are essentially dissimilar from those in the case at bar.

The general principles that control in determining whether a written guaranty is or is not continuing are clearly announced in *1 Brandt, Suretyship & Guaranty* (2d Ed.), Sections 156 to 165, inclusive.

It follows from what has been stated that the judgment must be reversed, and, proceeding to enter the judgment which should have been entered in the common pleas, a finding will be made for the defendant below and the petition dismissed.

CHITTENDEN, J., and KINKADE, J., concur.